UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

BUDDY E. HAUN,                      )
                                    )
            Plaintiff,              )
                                    )
v.                                  )        3:07-CV-462
                                    )        (PHILLIPS/GUYTON)
MICHAEL J. ASTURE,                  )
Commissioner of                     )
Social Security,                    )
                                    )
            Defendant.              )

## REPORT AND RECOMMENDATION

            This case is before the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the

Federal Rules of Civil Procedure, and the Rules of this Court for a report and recommendation

regarding the disposition by the District Court of plaintiff's Motion For Summary Judgment [Doc.

12] and the defendant's Motion For Summary Judgment. [Doc. 16].  Plaintiff Buddy E. Haun seeks

judicial review of the decision of the Administrative Law Judge ("ALJ"), the final decision of the

defendant Commissioner.

            The ALJ conducted a hearing on November 8, 2006, during which the plaintiff

testified, along with Anne Thomas, vocational expert ("the V.E.").  The plaintiff testified that he was

29 years old; that he completed high school; that he had worked in various jobs until December,

2005; that he quit working due to pain in his feet, hands and back; that the pain level was between

7 and 8 on a scale of one to ten; that he did not take any pain medication (not even Advil or

Tylenol); that he was not seeing a doctor for any physical problems; that he could bend, scoop or

squat; that he could lift up to 50 pounds; that he was in no pain or discomfort at the time of the

hearing; that some of his past employers "had trouble" with his work, because they said he was "too slow" and "couldn't do the job right"; and that he believed he suffered from depression. The V.E. testified, in effect, that the plaintiff was not precluded from several jobs (light and medium unskilled) in his past relevant work, unless full credibility is given to his self-assessed pain rating of 7 or 8 out of ten, in which case there "would be no jobs." (Tr. 296-304).

The ALJ, based on the testimony, and the entire record, made the following findings:

1.   The claimant has not engaged in substantial gainful activity since December 10, 2005, the alleged date of onset of his disability.

2.   The claimant met the disability insured status requirements of the Social Security Act on the alleged date of onset of his disability, and he continues to meet those requirements through the date of this decision.

3.   The claimant suffers from borderline intellectual functioning and a mild compression fracture of a mid-thoracic vertebra at T-6 or T-7, associated with bony sclerosis. The latter is not a severe impairment, meeting the applicable continuity or durational criteria.

4.   The claimant does not suffer from any other impairment the existence of which is documented by the requisite objective medical evidence.

5.   At no time relevant to this decision has the claimant suffered from any impairment which fully met the specific criteria of any of impairments described in the Listing of Impairments set out in Appendix 1 to Subpart P of Social Security Regulations. Nor has the claimant suffered from any impairment, or from any combination of impairments, which could be said to be medically equivalent in severity to any impairments described in the Listing of Impairments.

6. The claimant was born on November 8, 1977.

7. The claimant was educated through high school as a special education student.

8. The claimant has no exertional limitations. He has only mild deficits of concentration. He takes no pain medications or medications of any other kind, prescribed or otherwise, and therefore has no adverse medication side effects. He is able to understand, remember, and carry out simple instructions for two hour segments of time during an eight hour day, five days per week. He can relate adequately in object focused settings. He can adapt to changes and pressures of a routine setting. He is subject to no other functional limitations.

9. For the reasons stated above, the claimant's allegations regarding the pain he experiences, his general symptomatology, and the functional limitations imposed upon him by his impairments are not fully credible to the extent that he maintains that he is more functionally limited than is indicated above.

10. The claimant's impairments do not prevent him from returning to the performance of his vocationally relevant past unskilled jobs as a cook in a fast food restaurant chain (which was light in its exertional demands), as a line worker in a meat processing plant (which was medium in its exertional demands) and as a general laborer for a mobile home manufacturer (which was medium in its exertional demands).

11. The claimant has not been under a qualifying disability at any time prior to the date of this decision.

(Tr. 19-20).

If the ALJ's findings are supported by substantial evidence based upon the record as a whole, they are conclusive and must be affirmed. 42 U.S.C. § 405(g). See Warner v. Commissioner of Social Security, 375 F.3d 387 (6th Cir. 2004). Substantial evidence is "such

relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Siterlet v. Secretary of Health and Human Services, 823 F.2d 918, 920 (6th Cir. 1987). It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ or whether the reviewing judge may have decided the case differently. See Crisp v. Secretary of Health and Human Services, 790 F.2d 450, 453 n.4 (6th Cir. 1986); see also Dorton v. Heckler, 789 F.2d 363, 367 (6th Cir. 1986) (unless the court is persuaded that the Secretary's findings are "legally insufficient," they should not be disturbed).

The plaintiff argues that the ALJ erred by relying on the opinions of state agency reviewing physicians that the plaintiff could perform a wide range of work. The plaintiff asserts that physical and mental limitations render him disabled. The plaintiff also argues that the hypothetical question posed by the ALJ to the V.E. did not accurately portray the plaintiff's impairments.

The Commissioner asserts that substantial evidence supports the ALJ's determination, noting that plaintiff's cites to subjective complaints, not verified by objective evidence, are not enough to support a claim of disability. He also argues that the ALJ's mental residual functional capacity ("RFC") finding is consistent with the opinions of the state agency, reviewing specialist, Phil Pack, M.S., Licensed Psychological Practitioner, East Kentucky Psychological Services ("Pack") (Tr. 246-251). Pack reported Borderline Intellectual Functioning, but no psychological problems (p. 250). Pack also noted that the plaintiff did not describe any acute psychiatric difficulties, but instead said that his mood was positive.

I find the Commissioner's argument persuasive that plaintiff has failed to show that he has a disabling mental impairment. The burden of proof of a mental disorder is on the plaintiff, who must not only establish the existence of a medically diagnosed mental impairment, but must

also prove its severity and functional impact.  Foster v. Bowen, 853 F.2d 483, 488-89 (6th Cir. 1988).  The mere fact that the plaintiff has below average cognitive abilities, and he feels depressed, is not enough to establish a disabling mental impairment.

With regard to the plaintiff's credibility, the ALJ did consider plaintiff's allegations and testimony and articulated the weight given those statements in the context of the record as a whole.  An ALJ's credibility finding in particular is entitled to considerable deference, and reviewing courts do not generally make de novo credibility findings.  See Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987) ("[W]e will not normally substitute our impressions on the veracity of a witness for those of the trier of fact.") Throughout his decision, the ALJ discussed plaintiff's symptoms, his activities, his work history, precipitating and aggravating factors, his treatment history, and medication (or lack thereof).  See 20 C.F.R. § 404.1529(c)(3).  The Court agrees with the Commissioner that the record as a whole supports the conclusion that plaintiff's allegations were not fully credible.  The ALJ reasonably determined that there was no support for plaintiff's allegations of a disabling mental or physical condition.

The plaintiff's second general assignment of error goes to the hypothetical question presented to the vocational expert by the ALJ.  At plaintiff's hearing, the ALJ asked the V.E. whether jobs existed for a 28 year old with a 12th grade education, with plaintiff's work experience and no exertional limitations of record.  The person suffers mild pain, minor loss of concentration, and does not take any prescription or over-the-counter pain medicines; can understand, remember and carry out simple instructions for two hour segments over an eight hour day, five days a week; can relate adequately in object focused settings, and adapt to changes and pressures of a routine

setting.[1]  The V.E. testified that such a person could return to and perform several of his past jobs, and the V.E. identified those jobs.  This testimony provided substantial evidence supporting the ALJ's decision that plaintiff was not disabled, because he could perform his past relevant work.

Plaintiff argues that the ALJ's hypothetical question did not properly reflect mental and physical limitations.  The Court, however, has found that the ALJ's RFC assessment was well supported.  The ALJ's hypothetical question to the vocational expert was consistent with the RFC assessment.  The ALJ's hypothetical question need only incorporate the limitations he finds credible, and moreover, the Court finds that the ALJ did incorporate limitations consistent with his RFC.

The Court has reviewed the entire record, and the filings by the parties, and finds that the plaintiff's assignments of error by the ALJ are not well-taken.  Accordingly, it is hereby **RECOMMENDED**[2] that the plaintiff's Motion For Summary Judgment [Doc. 12] be **DENIED** and that the Commissioner's Motion For Summary Judgment [Doc. 16] be **GRANTED**.

Respectfully submitted,

_____s/H. Bruce Guyton_____
United States Magistrate Judge

---

[1]The Court finds that the ALJ properly based the hypothetical on the findings of Edward Stodola, PhD, in a Mental Residual Functional Capacity Assessment (Tr. 266-269).

[2]Any objections to this Report and Recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party.  Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure.  Failure to file objections within the time specified waives the right to appeal the District Court's order.  Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985).  The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general.  Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986).  Only specific objections are reserved for appellate review.  Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).